UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HEATH B. CLARK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:06-0667 ) |
| WHITE HOUSE POLICE DEPARTMENT, et al., | ) Judge Trauger/Bryant ) **Jury Demand** ) |
| Defendants. | ) |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Pending before the Court is defendant Captain Jeff Mingledorf's Motion for Summary Judgment. (Docket Entry No. 89). Plaintiff has responded in opposition to this motion. (Docket Entry Nos. 92, 93, 94 and 95).

Defendant Mingledorf's motion has been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 97).

For the reasons stated below, the undersigned **RECOMMENDS** that defendant Mingledorf's motion for summary judgment be **GRANTED** and that the complaint against him, as amended, be **DISMISSED** with prejudice.

### Statement of the Case

Plaintiff Heath B. Clark, proceeding pro se and in forma pauperis, filed his complaint pursuant to 42 U.S.C. § 1983 seeking money damages for injuries he allegedly suffered when police officers employed by the City of White House used excessive force

during a traffic stop and plaintiff's subsequent arrest on August 10, 2005. Named as defendants were the White House Police Department, Sgt. Jim F. Ring, the White House Chief of Police, and the unnamed officer who assisted Sgt. Ring at the scene of the occurrence. (Docket Entry No. 1).

The Court dismissed the complaint against defendants White House Police Department and White House Chief of Police as frivolous, but permitted the case to proceed against defendant Ring and, after his identity was determined, the unnamed police officer as well. (Docket Entry No. 5).

On November 27, 2006, plaintiff moved to amend his complaint (Docket Entry No. 35), and this motion was granted (Docket Entry No. 39). In addition to defendant Ring, this amended complaint named as additional defendants Stanley Hilgadiack, identified as the White House Chief of Police, and Captain Mingledorf, also of the White House Police Department. (Docket Entry No. 40). According to the allegations of this amended complaint, plaintiff and his sister spoke with defendants Hilgadiack and Mingledorf on August 11, 2005, the day after the incident, and both "were aware of the complete situation and the extent of the beating by his officers." (Amended complaint, Docket Entry No. 40, paras. 11 and 12). Apparently referring to defendants Hilgadiack and Mingledorf, his amended complaint further states: "The plaintiff is suing defendants' supervisors for

2

constitutional violations for deliberate indifference and for failure to act. The supervisors authorized, approved, and knowingly acquiesced in his subordinates' actions." (Id., pp. 11-12).

Plaintiff also moved to serve as a defendant Patrolman Jeff Frazier, who was alleged to have been the previously unidentified officer who participated in the traffic stop and arrest of plaintiff along with defendant Ring. (Docket Entry No. 37). This motion was granted by the Court. (Docket Entry No. 43).

On February 23, 2007, attorney D. Andrew Saulters entered his appearance on behalf of the plaintiff. (Docket Entry No. 52).

Thereafter, plaintiff moved to be allowed to file a second amended complaint (Docket Entry No. 62), and this motion was granted. (Docket Entry No. 69). According to this second amended complaint, the sole allegation of wrongdoing against defendant Mingledorf is that he violated plaintiff's constitutional rights "by not properly supervising his subordinates and allowing excessive force to be used against the plaintiff." (Docket Entry No. 71, p. 7).

On June 25, 2007, defendant Mingledorf filed his answer to the second amended complaint. Defendant denied all allegations of wrongdoing and pled affirmative defenses including the statute of limitations. (Docket Entry No. 80).

3

On July 5, 2007, defendant Mingledorf filed his motion for summary judgment. As grounds for his motion, defendant maintains (1) that the claim against him is barred by the one-year statute of limitations that applies to § 1983 claims, and (2) that plaintiff is unable to prove the elements necessary to establish supervisory liability under § 1983. (Docket Entry No. 89).

In opposition, plaintiff on July 26, 2007, filed a response pursuant to Rule 56(f), Federal Rules of Civil Procedure, requesting that the Court delay ruling on defendant Mingledorf's motion to allow for depositions or other discovery relating to the grounds for his motion. (Docket Entry No. 94). Plaintiff also filed a memorandum asserting that the filing of plaintiff's amended complaint naming defendant Mingledorf related back to the filing of the original complaint pursuant to Rule 15(c), Federal Rules of Civil Procedure. (Docket Entry No. 93).

On November 16, 2007, Mr. Saulters was granted leave to withdraw as counsel for plaintiff. (Docket Entry No. 102).

### Summary of the Pertinent Facts

Plaintiff alleges that on August 10, 2005, he was a passenger in an automobile driven by his girlfriend when they were stopped on I-65 by Sgt. Jim Ring of the White House Police Department. Sgt. Ring questioned plaintiff's girlfriend about an alleged theft of gasoline. Sgt. Ring asked plaintiff to get out of the car. Officer Jeff Frazier also arrived at the scene.

4

Plaintiff, who allegedly suffers from mental illness, became panicked and fled from the car into some nearby woods. Sgt. Ring and Officer Frazier pursued plaintiff and overtook him. Although plaintiff alleges that he offered no resistance, Sgt. Ring and Officer Frazier allegedly beat plaintiff with their fists and flashlights, fracturing his jaw in multiple places. Plaintiff was thereafter treated for his injuries at Northcrest Hospital in Springfield. (Docket Entry No. 71).

On the following day, after he was released from the hospital, plaintiff and his sister went to the White House Police Department and met with Chief of Police Hilgadiack and Captain Mingledorf. According to the second amended complaint, defendants Hilgadiack and Mingledorf "repeatedly apologized to the plaintiff and his sister." (Id. at para. 17).

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All facts and reasonable inferences to be drawn from those facts must be viewed in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith

5

Radio Corp., 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 573 (6th Cir. 2003) (en banc).

In order to prevail, "the moving party must show that there is an absence of evidence to support the non-moving party's case and . . . that the evidence is so one-sided that one party must prevail as a matter of law." Lexington-South Elkhorn Water Dist. v. City of Wilmore, 93 F.3d 230, 233 (6th Cir. 1996). A movant for summary judgment makes a sufficient showing by informing the court of the basis of its motion and by identifying the portions of the record that reveal that there are no genuine issues of material fact to support the nonmovant's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. Id.

The nonmovant, however, may not rely solely on conclusory allegations in the complaint to defeat a motion for summary judgment, but must come forward with affirmative evidence that

6

establishes his claim and raises genuine issues of material fact. Id. at 324. The "mere possibility" of a factual dispute is not enough. Gregg v. Allen-Bradley Co., 801 F.2d 859, 863 (6th Cir. 1986). A genuine issue of material fact is one which, if proven at trial, would lead a reasonable fact finder to find in favor of the nonmoving party. Anderson, 477 U.S. at 247-48. The substantive law involved in the case will underscore which facts are material and only disputes over outcome-determinative facts will bar a grant of summary judgment. Id. at 248.

Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted. See Celotex, 477 U.S. at 317. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989) (citations omitted). On the other hand, if this Court determines that a reasonable fact finder would be able to return a verdict for the nonmoving party, it must deny summary judgment. See Matsushita, 475 U.S. at 249-50.

## Analysis

Defendant's statute of limitations defense. The statute of limitations in § 1983 cases is that of personal injury torts in

7

the state where the cause of action arose. Wallace v. Kato, 127 S.Ct. 1091, 1094 (2007). In Tennessee, suits brought pursuant to § 1983 are subject to a one-year statute of limitations. Tenn. Code. Ann. § 28-3-104(a)(3); Jackson v. Nix, 477 F. Supp. 2d 918, 921 (M.D. Tenn. 2007).

From the record it appears undisputed that plaintiff alleges that his rights were violated on August 10, 2005. (Second Amended Complaint, Docket Entry No. 71). Moreover, plaintiff alleges that he and his sister spoke with defendant Mingledorf on the following day, August 11, 2005, and that, on that occasion, defendant Mingledorf was "aware of complete situation." (Amended Complaint, Docket Entry No. 40, para. 11). From these pleadings it appears that plaintiff was aware of the alleged violation of his rights and defendant Mingledorf's involvement by August 11, 2005. Nevertheless, the first complaint naming Mingledorf as a defendant was not filed until December 14, 2006, more than one year after the cause of action arose. (Docket Entry No. 40). Moreover, from the record it appears that no summons was issued for defendant Mingledorf until May 9, 2007 (Docket Entry No. 73), and that he was thereafter served with the Second Amended Complaint (Docket Entry No. 71) on May 17, 2007. (Docket Entry No. 75).

Finally, it is evident from the record that defendant Mingledorf was not the unnamed "assisting officer" who participated with defendant Ring in the August 10, 2005 traffic stop and arrest.

8

(Complaint, Docket Entry No. 1, para. III, B2). This assisting officer, whose name was unknown upon the filing of the original complaint, was later identified as Officer Jeff Frazier. (Docket Entry No. 37).

In opposition to defendant Mingledorf's motion for summary judgment, plaintiff argues that his amended complaint naming defendant Mingledorf should "relate back" presumably to the filing of the original complaint, pursuant to Rule 15(c), Federal Rules of Civil Procedure. Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the same occurrence described in the original pleading and:

> (3) The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As the foregoing provision of Rule 15(c) makes clear, the doctrine of relation back does not apply to every amended complaint that adds a new defendant. Instead, this doctrine only applies in cases where a misnomer has occurred and the amendment "changes the party or the naming of the party against whom a claim is asserted.

9

. . . ." This rule does not apply here because the amendment to add defendant Mingledorf did not change a party or the naming of a party against whom a claim was asserted. Instead, it merely sought to add a new claim — supervisory liability — against a new, additional defendant. Therefore, the doctrine of relation back under Rule 15(c) is inapplicable and the amendment naming defendant Mingledorf is untimely. Accordingly, the undersigned finds that the claim against defendant Mingledorf is barred by the one-year statute of limitations and should be dismissed.

<u>Defendant's supervisory liability defense</u>. Plaintiff does not allege that defendant Mingledorf was present during, nor participated in, the traffic stop and arrest by defendants Ring and Frazier that give rise to plaintiff's claims. Plaintiff does allege that he and his sister talked with defendant Mingledorf on the following day, and that defendant Mingledorf is liable for "not properly supervising his subordinates and allowing excessive force to be used against the plaintiff." (Docket Entry No. 71, para. 28).

Liability of supervisory personnel under § 1983 "must be based upon more than merely the right to control employees." <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (6th Cir. 1989) (quoting <u>Hays v. Jefferson County</u>, 668 F.2d 869, 872 (6th Cir.), <u>cert. denied</u>, 459 U.S. 833 (1982)). Liability of the supervisor is appropriate only if "the supervisor encouraged the specific

10

incident of misconduct or in some other way directly participated in it, or at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Parker v. Henderson County, 450 F. Supp. 2d 842, 849 (W.D. Tenn. 2006) (quoting Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003)). Moreover, a supervisor can be liable under § 1983 for failure to protect a plaintiff from subordinates only upon a showing "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Parker v. Henderson County, 450 F. Supp. 2d at 855.

Plaintiff does not allege that defendant Mingledorf encouraged or participated in the alleged misconduct of Ring and Frazier, nor that Mingledorf knew or had reason to know that they would use excessive force and had the opportunity and means to prevent it. Plaintiff has offered no evidence that Mingledorf authorized, approved or knowingly acquiesced in Ring and Frazier's actions. To the contrary, defendant Mingledorf by affidavit has testified that he was not on duty, and was not the shift supervisor, when the traffic stop and arrest of plaintiff occurred, and that he did not learn of it until after it had occurred. (Docket Entry No. 90-1). These facts are undisputed in this record.

11

From the foregoing, the undersigned finds that plaintiff's Second Amended Complaint is insufficient to state a claim against defendant Mingledorf for supervisory liability under § 1983, and that the undisputed facts demonstrate the absence of a genuine issue of material fact for trial on this claim.

The undersigned notes that plaintiff in his response in opposition to defendant Mingledorf's motion raised the lack of discovery from defendant Mingledorf, and urged the Court to delay a ruling pursuant to Rule 56(f) to allow plaintiff the opportunity to conduct such discovery. Plaintiff's response was filed on July 26, 2007. Since then over six moths have passed including almost four months when plaintiff was represented by counsel. The undersigned finds that plaintiff has had ample opportunity to conduct depositions or other discovery regarding the grounds of defendant Mingledorf's motion.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that defendant Mingledorf's motion for summary judgment be **GRANTED** and the complaint, as amended, against him be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said

objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of January 2008.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge